```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JACOB SABBAGH,                                               :
                                                             :     Case No.:
                              Plaintiff,                     :
                                                             :     COMPLAINT
          - against -                                        :
                                                             :
CAVALRY SPV I, LLC and GIRVIN &                              :
FERLAZZO, P.C.                                               :
                              Defendant.                     :
------------------------------------------------------------ X
```

JACOB SABBAGH (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against CAVALRY SPV I, LLC and GIRVIN & FERLAZZO, P.C. (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a(3).

6. On information and belief, Defendant CAVALRY SPV I, LLC is a foreign entity headquartered in Delaware, but with a designated agent for service of process at c/o CT Corporation System, 28 Liberty St, New York, NY 10005.

7. On information and belief, Defendant GIRVIN & FERLAZZO, P.C. is a New York entity with a designated agent for service of process at c/o The Corporation, 20 Corporate Woods Blvd, Albany, NY 12211.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in that they regularly engaged in collections of debts allegedly owed by consumers subject to the FDCPA.

## ALLEGATIONS

9. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

10. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. The debt was assigned to Defendant after the account was already in default.

12. Plaintiff is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a of the FDCPA.

13. On August 27, 2020, Defendant filed a lawsuit against Plaintiff bearing case number 515893/2020. See Complaint attached hereto as Exhibit 1.

14. On or about September 15, 2020, Defendant alleged to have served the summons and complaint on Plaintiff to a co-occupant and who confirmed Plaintiff resides at 1424 E 13th St, Apt 2, Brooklyn, NY 11230-6604. See Affidavit of Service attached hereto as Exhibit 2.

15. However, Plaintiff was not residing at 1424 E, 13th St, APT.3 Brooklyn, NY 11230-6604 at the time of serving summons.

16. Plaintiff was incarcerated and in prison, and not residing at the address alleged. See Inmate Lookup attached hereto as Exhibit 3 which confirms that Plaintiff was incarcerated and only released on March 28, 2021.

17. On February 16, 2022, Defendant filed an Affirmation in Support of a default judgment in the state court action. See Affirmation in Support attached hereto as Exhibit 4.

18. Defendant falsely represents that Plaintiff "failed to appear in the matter" and that the Plaintiff "has defaulted". See Exhibit 4, paragraph 4.

19. Defendant falsely represented that Defendant "is entitled to an Order and Judgment against the Defendant (Plaintiff)…" See Exhibit 4, paragraph 10.

20. Defendant was not entitled to a judgment.

21. Plaintiff was not in default.

22. Plaintiff was not required to appear in the action.

23. Plaintiff was never served, as he was incarcerated in Hudson Correctional Facility.

24. Plaintiff resided at the time in Columbia County, New York.

25. Plaintiff is not a resident of Kings County at any relevant time of the lawsuit.

26. Upon information and belief, Defendant mailed out personal collection letters to relatives of the Plaintiff without Plaintiff's consent.

27. If Defendant had done its due diligence, Defendant would have been able to verify that Plaintiff was incarcerated and not a resident in Kings County.

28. If Defendant had done its due diligence, Defendant would have been able to verify that Plaintiff was not residing at the service address.

29. If Defendant had done its due diligence, Defendant would have been able to verify that Plaintiff was not receiving mail at the service address.

30. If Defendant had done its due diligence, Defendant would have been able to verify through its process server that Plaintiff was not a co-occupant at the service address.

31. In its haste to collect money, Defendant failed to verify any location information regarding the Plaintiff, sending out private and confidential collection letters to Plaintiff's relatives, serving Plaintiff's relatives with the subject lawsuit despite Plaintiff not residing at the service address, disclosing the existence of the subject debt to Plaintiff's relatives without his permission, and making false representations and implications that Plaintiff was a resident of Kings County, that suit in the County was proper, that Plaintiff was served and failed to appear, and that Defendant was entitled to a default judgment, all of which could have easily been avoided at several opportunities had Defendant done its due diligence.

32. The subject lawsuit is a "communication" as defined by 15 U.S.C. § 1692a(2).

## **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

33. Plaintiff repeats the allegations contained in paragraphs above as if the same were set forth at length.

34. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

35. By Defendant's actions as set forth above, Defendant violated:

a. 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff;

b. 15 U.S.C. § 1692c(b) prohibits a debt collector to communicate with any person other than the consumer without the prior permission of the debtor;

c. 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

d.  15 U.S.C. § 1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

e.  15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect;

f.  15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges;

g.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

h.  15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

i.  15 U.S.C. § 1692f(l), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and,

j.  15 U.S.C. § 1692i(a)(2) requires a debt collector to either file an action in the judicial district where the consumer signed the contract or where the consumer resided at the commencement of the action.

## JURY DEMAND

36. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a.  Statutory and actual damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b.  Plaintiff's attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k; and

c.  Awarding pre-judgment and post-judgment interest; all together with

d. Such other relief that the Court determines is just and proper.

Dated: February 11, 2022

Brooklyn, New York

                                                         /s/ Joseph Balisok
                                                        Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Zalman@LawBalisok.com
Attorney for Defendant